STATE v. RUSSELL J. CALLENDER.

197 N. W. 2d 216.

April 21, 1972—No. 43214.

*John S. Connolly,* for appellant.

*Warren Spannaus,* Attorney General, and *Wilbur Goyer* and *Philip H. Eastwood,* Village Attorneys, for respondent.

Considered by Knutson, C. J., and Kelly, Todd, and Mason, JJ.

PER CURIAM.

Defendant was charged and convicted of violations of Mahtomedi Ordinance No. 178, the village's building code,[1] and Ordinance No. 33, its zoning code, by constructing a garage building allegedly in violation of the setback requirement of the zoning ordinance and exceeding the floor space limitations of the building code. Defendant was sentenced to 30 days in the county jail, and he appeals from the judgment of conviction. We reverse.

On July 10, 1970, defendant filed an application for a building permit with the village clerk of Mahtomedi on a form provided by the village. The evidence indicates that defendant had staked out the location of the garage building he wished to erect, and the application shows that he requested permission to construct a cement-block building 51 feet by 24 feet. After he had made three trips to the clerk's office, a permit was issued on July 14, 1970, and defendant commenced construction of the building.

The evidence discloses that the garage is a one-story building consisting of two separate double-garage enclosures, one containing approximately 581 square feet and the other containing approximately 608 square feet. The garage enclosures are separated by a 4-foot hallway, and each enclosure is constructed of concrete block. One roof covers the entire building.

Defendant's property, Lot 4, Block 2, Joyces Subdivision, is located at 115 Wildwood Beach Road, formerly Lake Avenue. Joyces Subdivision appears to be a replat of a part of Block 1 of Forest Heights Division. Prior to the replat, the lots in the subdivision ran from White Bear Lake to Park Avenue in a generally east-west direction. At the time of the replat, Lake Avenue was extended from Ash Avenue on the southerly edge of Block 1, Forest Heights Addition, in a northerly direction approximately 300 feet to a dead end and was platted as a 20-foot

---

[1] Ordinance No. 178 adopted by reference Volume I, Uniform Building Code (1964 ed.) published by the International Conference of Building Officials.

street. As a result of the replat, 6 lake-front lots were reduced in size, creating 6 new lots facing Park Avenue.

The plat further indicates that the 20-foot width of Lake Avenue is comparable to the width of most of the alleyways located within the village of Mahtomedi. The property owners have developed their property with their homes facing either the lake or Park Avenue. Lake Avenue is used more or less as an alleyway, serving both the lake properties and the properties fronting on Park Avenue, and other garages have been built along it.

Defendant continued his construction until November 8, 1970, when the building inspector visited the site and advised him that the building could not exceed one story in height. Defendant indicated that it would not. Subsequently, on November 11, 1970, the building inspector tagged the construction which was now approximately seven-eighths completed. The complaints were issued, and following trial defendant was found guilty of violation of the setback requirements, computed on the basis that his property fronted Lake Avenue and not White Bear Lake; and of violation of the 1,000-square-foot area limitations of the building code.

The prosecution contends that defendant's property fronts on Lake Avenue and that the setback requirements as to the front yard must be maintained in respect to this garage building. This determination is completely contrary to the usage of the property by defendant and all others who own property in the subdivision, and it produces an absurd and invalid application of the zoning regulations.

We find that defendant's property fronts on the lake and that the rear-yard requirements and the side-yard requirements of the zoning ordinance must be applied to defendant's building rather than the front-yard requirements.

The evidence introduced as to side-yard requirements and the measurements made by the building inspector were so speculative as to be of no probative value and are not sufficient evidence of any violation of the zoning ordinance. Since the zoning ordinance contains no requirements as to setback from the rear property line, there can be no violation. Furthermore, even if there had been a setback requirement, the building in question generally meets the average setback of other garage buildings located in the immediate vicinity of defendant's property.

The remaining charge against the defendant, that his building exceeds the square-footage requirements of the building code, is not sustained by the evidence. The village has adopted Volume I of the Uni-

form Building Code (1964 ed.) as its building code.[2] Section 1502 of that code limits garage buildings to one story in height with the floor area not to exceed 1,000 square feet. However, this section must be considered in conjunction with § 505(c), which provides in part:

"For the purpose of this Section each portion of the building separated by one or more continuous fire-resistive walls extending from the foundation to the roof at all points may be considered a separate building."

The evidence discloses that defendant's building contains two separate garage areas, each of which is well within the area limitations of the building code and which are separated by appropriate fire-resistive walls and a 4-foot hallway.

The conviction of defendant on this count was clearly based on a combination of the separated garage areas contrary to the provisions of the building code.

Reversed and remanded with directions to enter judgment of acquittal.